Order in accordance may be presented.

## UNITED STATES v. SEVEN–FIFTHS OLD GRAND–DAD WHISKEY et al.
### Civil Action No. 2815.

District Court, D. Kansas, Second Division.
May 21, 1946.

HELVERING, District Judge.

On the twenty-sixth day of February, 1946, there was filed in this cause a Stipul-

ation and Agreement to Submit, signed by John B. Bryant and Hal M. Black, both of Wichita, Kan., attorneys for the respondents and the claimant, and Lester Luther, Assistant United States Attorney, of Topeka, Kan., for the District of Kansas, attorney for the libellant, wherein it was agreed by and between the parties hereto and their attorneys that said cause be submitted to the Court for its decision without oral argument and upon the pleadings and an agreed statement of facts and upon written briefs to be filed by the respective parties.

On the second day of March, 1946, said parties filed herein an Agreed Statement of Facts, and on the twelfth day of March, 1946, said cause was reached upon the trial docket of this Court and called, libellant being represented in court by Lester Luther, its attorney, respondents and claimant being represented in court by Hal M. Black, their attorney; whereupon the attorneys for the respective parties announced that said cause had been submitted to the Court for its decision upon said Stipulation and Agreement to Submit and the Agreed Statement of Facts, without the introduction of testimony or evidence and without oral argument, that briefs would be duly filed, and that no hearing or trial was desired by any of the parties or necessary to the determination of the case.

And now on this 20th day of May, 1946, briefs of the parties hereto having been filed in said cause, the matter comes on for final determination by the Court and the Court, having fully considered the pleadings in the case, the matters set forth in the Agreed Statement of Facts, briefs of the parties, and being fully advised in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. That on November 9, 1945, Otis E. Dale and Leo K. Nash, Investigators for the Alcohol Tax Unit, entered the premises located at 3400 West Douglas Avenue, Wichita, Kansas, and made a search thereof under and by virtue of the authority of a certain search warrant issued by United States Commissioner George S. Allen, dated November 8, 1945.

2. That within the said premises, said Investigators found all the liquor described in the caption of the Libel of Information filed in this action, in a total amount of approximately 458 gallons.

3. That all of the said liquor above described contains more than four (4%) per cent of alcohol by volume and is intoxicating.

4. That all of the liquor above described was distilled in states other than the State of Kansas and was bottled in said states at various dates subsequent to August 1, 1943, and prior to November 9, 1945.

5. That all of the said liquor bears U. S. Government liquor stamps and state liquor stamps of the States of Illinois, Nebraska and Missouri, and the said state liquor stamps were placed thereon during the years of 1944 and 1945.

6. That all of said liquor was brought into the State of Kansas from the States of Illinois, Nebraska and Missouri subsequent to the first of January, 1944, and prior to the 9th day of November, 1945, by parties unknown to libellant and claimant.

7. That none of said liquor was brought into the State of Kansas for scientific, sacramental, medicinal or mechanical purposes, and none of said liquor, either at the time of its transportation into the State of Kansas or thereafter, was accompanied by any permit or permits, license or licenses therefor required by the laws of the State of Kansas.

8. That claimant purchased the said liquor from parties unknown to him in Sedgwick County, Kansas, prior to the 9th day of November, 1945, and subsequent to the 1st day of September, 1945, stored the same on the premises above described, and is the owner thereof.

9. That claimant purchased a U. S. R. L. Dealer Special Tax Stamp No. 316088, on or about September 1, 1945, photostatic copy of which is attached to answer of claimant herein filed, said stamp being in possession of and publicly posted by claimant at the time of said seizure.

10. That said liquor was seized by the said agents of the Alcohol Tax Unit, Treasury Department of the United States, and

the same is now in the care and custody and control of the United States Marshal for the District of Kansas, under and by virtue of the warrant of arrest issued in the above-entitled cause, and said liquor is now stored in the vault of the Federal Building, at Wichita, Kansas.

11. That claimant was not arrested by the United States officers and that no prosecution is contemplated by the United States Attorney.

12. That Kansas is a state in which all sales (except for scientific, sacramental, medicinal and mechanical purposes) of intoxicating liquor containing more than four per cent (4%) of alcohol by volume are prohibited.

### Conclusions of Law

■ 1. That the importation, bringing or transporting of intoxicating liquor into the State of Kansas from any point outside said state (except for scientific, sacramental, medicinal and mechanical purposes), is a violation of Section 223(a) of Title 27 U.S.C.A.

■ 2. That the liquor described in the libel of information filed in this case contains more than four (4%) per cent of alcohol by volume, is intoxicating, and was involved in a violation of said Section 223(a), and, under the provisions of Section 224 of said title, it must be seized and forfeited.

■ 3. That said Sections 223 and 224 of Title 27 are not revenue statutes but are penal in their nature, and an intent to defraud the United States of a tax is not an element of the offense defined in said Sections of the Statute.

■ 4. That liquor involved in a violation of Section 223 shall be seized and forfeited in accordance with the provisions of Section 224 without regard to whether there has been a prosecution of the person who imported the liquor into the State.

■ 5. Section 224 of Title 27 U.S.C.A. provides for a forfeiture of property as punishment for violation of Section 223(a) of said title, and the forfeiture herein took place at the time when the violation was committed and operated at that time as a statutory transfer of the right of property to the government, and when the decree of forfeiture is entered it relates back to the time of the violation.

■ 6. That the purchase of a Retail Liquor Dealer's stamp by the claimant did not give him a license to carry on business in violation of state laws nor to violate a federal statute.

7. That the seizure of the respondent liquor was lawful, and the same should be forfeited to the libellant in accordance with the provisions of Section 224 of Title 27 U.S.C.A. and in accordance with the prayer of the libel of information.

It is, therefore, by the Court considered, ordered, adjudged and decreed that respondents named in the caption hereof be and they are hereby forfeited to and decreed to be the property of libellant and the claimant, W. R. Herndon, is hereby forever barred from any right, title, or interest therein.

It is further ordered, adjudged and decreed that said respondent liquor described in the caption hereof be delivered to the Secretary of the Treasury of the United States, or his agent, for such disposition as said Secretary of the Treasury shall order in accordance with law.

It is further ordered that no costs be taxed in the above-entitled action.

It is further ordered that a Special Execution, in accordance with the provisions of this Final Decree, issue out of the office of the Clerk of this Court forthwith.